UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| V.R. VALLERY | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

David Pettit
Morgan Wyenn

Attorneys Present for Defendants:

Lawrence Treece
Diane DeFelice

Christopher McNatt, Jr. for Real Party in
Interest Defendant American Trucking
Associations, Inc.

**Proceedings:** **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT**; (filed 09/21/10) [**JOINDER BY REAL PARTY IN INTEREST DEFENDANT, AMERICAN TRUCKING ASSOCIATIONS, INC.** (filed 09/21/10)]

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** (filed 09/21/10)

## I.    INTRODUCTION

On December 29, 2009, plaintiffs Natural Resources Defense Council Inc. ("NRDC") and Sierra Club filed their verified petition for writ of mandate under the California Environmental Quality Act ("CEQA") and complaint against defendants City of Long Beach; Mayor Bob Fisher; nine members of the Long Beach City Council; the Harbor Department of the City of Long Beach; the Board of Harbor Commissioners of the City of Long Beach; Commission President Nick Sramek; Commission Vice President Mario Cordero; Commission Secretary Dr. Mike Walter; Commission Assistant Secretary Susan Anderson Wise; Commissioner Thomas Fields; and Does 1-20  (together "POLB") in the Los Angeles Superior Court.  Plaintiff's filed their first amended complaint ("FAC") on January 22, 2010, alleging three claims under CEQA, §§

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

21151(c), 21080(c)(2) & (d), 14 Cal. Code of Regulations 15061(e); a claim under the California Constitution, Art. XI, § 7; and a claim under the Brown Act, § 54950, et seq. On February 4, 2010, POLB removed this case to federal court based on federal subject matter jurisdiction.[1]

On September 21, 2010, defendants filed a motion for summary judgment or partial summary judgment. On the same day, real party in interest American Trucking Association ("ATA") filed a joinder to defendants' motion. On October 26, 2010, plaintiffs filed an opposition to defendant's motion. On November 15, 2010, defendants and ATA filed reply briefs in support of defendants' motion.

On September 21, 2010, plaintiffs filed a motion for summary judgment as to their second and fifth claims. On October 26, defendants filed an opposition to plaintiffs' motion. On the same day, Real Party in Interest ATA filed a joinder to defendants' motion. On November 15, plaintiffs filed a reply brief in support of their motion. Having carefully considered the arguments of the parties, the Court finds and concludes as follows.

## II.    BACKGROUND

The instant lawsuit arises out of the settlement of a prior lawsuit, Am. Trucking Ass'ns, Inc. v. City of Los Angeles, Case No. CV 08-4920 CAS (RZx), in which ATA sued the Cities of Long Beach and Los Angeles regarding provisions in their "Clean Truck Program." Plaintiffs allege that POLB's entering into a settlement agreement with ATA substantially modified POLB's Clean Truck Program aimed at improving environmental, safety, and security conditions at the Port. Compl. at 9-11. Under the

---

[1] Specifically, POLB asserts that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because the instant action collaterally attacks the settlement POLB and ATA entered into in Am. Trucking Ass'ns, Inc. v. City of Los Angeles, Case No. CV 08-4920 CAS (Rzx). See Notice of Removal of Action at 2. The Order of Voluntary Dismissal with Prejudice of Long Beach Defendants specifies that "the United States District Court for the Central District of California shall retain exclusive jurisdiction and venue over any action to enforce the terms of the Stipulation of Settlement . . . . "

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

settlement agreement, POLB agreed to modify its Clean Truck Program so that licensed motor carriers are no longer required to enter into a "concession agreement" in order to perform trucking services at the Port of Long Beach.  Rather, they are required to enter a "Registration Agreement."  Id.  While the Registration Agreement requires licensed motor carriers to comply with a number of provisions to assist the Port in monitoring compliance with various environmental, safety, and security regulations, plaintiffs allege that the settlement and registration agreements substantially weakened the environmental benefits of the Port's Clean Truck Program.  Id.  Plaintiffs further allege that the settlement agreement substantially impairs the ability of present and future city officials to place new or different requirements on trucking companies or individual truck drivers serving the Port of Long Beach even if such requirements are in the public interest.  Id. at 11.

## III.    DISCUSSION

The Long Beach defendants now move for summary judgment on three grounds. First, they seek summary judgment on plaintiffs' Brown Act claims, arguing that "as a matter of law, it was appropriate under Cal. Gov. Code §§ 54956.9 and 54957.1(a)(3) for the Board to approve the Settlement Agreement in closed session."  POLB Mot. at 4. Second, the POLB defendants seek dismissal of plaintiffs' second claim, arguing that "as a matter of law, [the Settlement Agreement] does not involve any delegation of legislative authority or police power to the ATA.  Id.  Third, the Long Beach defendants move to dismiss all of plaintiffs' claims "because they constitute an improper collateral attack on the Settlement Order."  Id. at 5.

Plaintiffs cross-move for summary judgment as to their second and fifth claims, on the basis that "[b]ecause the settlement agreement gives ATA 'veto power' over any of Long Beach's future actions that materially alter how it manages port trucking, and embodies Board actions that would ordinarily be subject to California's 'open meeting' requirements, the agreement is invalid as a matter of law under the California Constitution, Art. XI, sec. 7, and the Ralph M. Brown Act, Cal. Gov. Code §§ 54950-54963 ("Brown Act")."  Plaintiffs' Mot. at 1.

### 1.    Defendants' Motion for Summary Judgment on the basis of Improper Collateral Attack

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|----------|----------------------|------|-------------------|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

Defendants argue that plaintiffs' suit should be dismissed because it is an impermissible collateral attack on this Court's judgment approving the Settlement between the POLB defendants and ATA in the prior action. POLB Mot. at 27. Defendants argue that plaintiffs, as intervenors in the original suit, could have objected to the settlement or sought post-judgment relief from the settlement, but did not, and therefore should not be permitted to bring a separate suit to challenge the judgment in the prior case. Id. According to defendants, plaintiffs should have objected to the settlement stipulation, or, "[f]ollowing entry of the Settlement Order . . . moved for reconsideration of the Order, moved to alter or amend the judgment under Fed. R. Civ. P. 59(e), moved to set aside the judgment under Fed. R. Civ. P. 60(b) or moved to certify the judgment under Fed. R. Civ. P. 54(b) and appealed." Id. at 30. Having failed to do so, defendants argue that "[p]laintiffs have waived their right to challenge the Settlement Agreement and are estopped from doing so." Id. at 31. Defendants argue that Southern California Edison Co. v. Peevey, 31 Cal. 4th 781 (2003) shows that plaintiffs "had standing to make a straight-forward direct attack, taking the case clear to the Ninth Circuit if they wished." POLB Reply at 2. Now, however, because the "Court sits [] not as it would have in reviewing Plaintiffs' challenges directly, but rather in the shoes of the state court looking squarely at a transparent collateral attack on a federal court judgment . . . Plaintiffs are hoist on their own petard and clean out of luck." Id.

Plaintiffs argue that defendants mischaracterize their suit as an impermissible collateral attack, as one exists "only when a plaintiff's requested remedy is in direct contravention of a court order." Plaintiffs' Opp. at 3. Plaintiffs argue that their suit is not in direct contravention of a court order because the "do not seek to have ATA's claims in ATA v. Los Angeles reinstated against Long Beach." Id. at 4. Therefore, plaintiffs conclude, their action cannot be considered an impermissible collateral attack because the suit does not challenge the judgment itself, but rather, the settlement agreement. Id. at 4, n. 2. Plaintiffs analogize the instant suit to State Farm Mut. Auto. Ins. Co. v. Indus. Pharmacy Mgmt., LLC, 2009 WL 2448474 (D. Haw. Aug. 11, 2009) and argue that as the court found in that case, this Court should find that "[p]laintiffs' claims are not a collateral attack because Plaintiffs are not attacking the Court's Order by seeking to overrule the Court's entry of dismissal, and further, that Order did not address the claims that Plaintiffs now bring." Id. at 5-6. Plaintiffs further argue that their suit should not be considered an impermissible collateral attack because their "claims were never 'addressed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

by a prior order or judgment.'" Id. at 6, citing <u>Rein v. Providian Fin. Corp.</u>, 270 F. 3d 895, 902 (9th Cir. 2001). Plaintiffs further argue that the fact that "[p]laintiffs' claims would exist absent the Court Order" is indicative of the fact that the suit is not an impermissible collateral attack. Id. at 7. Additionally, plaintiffs argue that it should not be considered an impermissible collateral attack because "the facts underlying some of Plaintiffs' claims–including Long Beach's failure to abide by its CEQA appeals process and comply with CEQA as it implemented the Settlement Agreement–arose after the Court entered its Order for Voluntary Dismissal, and therefore, the Order could not serve as the basis for Plaintiffs' entire legal challenge." Id. Finally, plaintiffs argue "that collateral attack cases often involve facts warranting application of res judicata–a doctrine which has no application here. . . . Plaintiffs were not subject to the Court's Order, the Order does not resolve Plaintiffs' claims on the merits, and Plaintiffs are not attempting to litigate claims that were or could have been brought in a prior action." Id.

Moreover, plaintiffs argue that remedies pursuant to Rule 59(e), 60(b) or 54(b) would not have been appropriate because "[p]laintiffs do not seek to amend or alter the Court's Order dismiss[ing] Long Beach. Nor do Plaintiffs seek relief from that Order. In fact, Plaintiffs are not even subject to the Order, and their requested relief is not limited by that Order. As a result, even if Plaintiffs could have brought a Rule 59(e) or 60(b) motion, neither motion provides the relief Plaintiffs seek in this case, and thus, a separate action would still need to have been filed." Id. at 8. Furthermore, plaintiffs argue, "Long Beach cites no authority for the proposition that Plaintiffs' failure to amend, alter, be relieved from, or appeal the *Order* prohibits via a waiver or estoppel theory Plaintiffs' challenge to the *Settlement Agreement* now, particularly given that we are now in the same Court and before the same judge who presided over *ATA v. Los Angeles*." Id. at 9. Plaintiffs argue that Long Beach suffers no prejudice from this suit because plaintiffs "[i]mmediately [following the entry of the Court's Order of Voluntary Dismissal], Plaintiffs diligently investigated their claims and exhausted all administrative remedies . . . . before filing their Complaint just over two months later." Id. at 9.

The Court concludes that the proper way for plaintiffs to have challenged the settlement agreement at issue in the instant case is by way of a motion pursuant to Rule 60(b)(4). The Court further concludes that even if plaintiffs could properly have directly challenged the settlement, and even if it could be said that plaintiffs waived their claims by not challenging the settlement immediately, it is still proper for the Court to consider

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | | Date | December 13, 2010 |
|---|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | | |

plaintiffs' arguments because of ambiguity in the final judgment in <u>ATA v. Los Angeles.</u> In the previous suit there is only a final judgment as to the issues relating to the Port of Los Angeles.  Although that judgment is impliedly a final judgment as to POLB, the record is sufficiently ambiguous that, in an abundance of caution, the Court declines to grant summary judgment to the POLB defendants on the basis of an improper collateral attack.  The Court finds this consideration particularly appropriate in light of the fact that the suit is before this Court, which has ongoing jurisdiction over the settlement.

**2.     Plaintiffs' Delegation of Police Powers Claim**

Defendants contend that as a matter of law the Settlement Agreement does not meet the test for unlawful delegation, established by <u>County Mobilehome Positive Action Comm., Inc. v. County of San Diego</u>, 62 Cal. App. 4th 727, 738 (1998), which requires the court to determine "whether the challenged action 'amounts to a local entity's 'surrender,' 'abnegation,' divestment,' 'abridging,' or 'bargaining away' of its control of a police power or municipal function."  POLB Mot. at 20.  Defendants first argue that the Court should only find that there was an unlawful surrender of police power in the Settlement Agreement if that "contract clearly surrenders the entity's future authority over some matter of significant legislative authority." <u>Id.</u> at 21.  "Abrogation of police powers [should] not be implied in a settlement agreement, because 'reservation of the police power is implicit in all government contracts and private parties take their rights subject to that reservation.'" <u>Id.</u> at 20-21, citing <u>108 Holdings Ltd. v. City of Rohnert Park</u>, 136 Cal. App. 4th 186, 197 (2006).

Moreover, defendants argue, the Registration Agreement merely requires that "the motor carrier certifies compliance with all applicable federal, state and Port safety, security and environmental laws, rules and regulations . . . as well as proper driver certification." <u>Id.</u> at 22.  "Significantly, the Registration Agreement does not establish any of the safety, security, environmental, maintenance, insurance or other standards to which it relates.  Rather, those standards are established by federal and state law and by the Port's own policies and regulations as contained in the CAAP, the CTP and Tariff No. 4. . . . Functionally, the Registration Agreement simply incorporates those externally mandated standards.  The Port's own mandates remain subject to change as the Board sees fit, whereupon the changes will be automatically incorporated into the Registration Agreement. <u>Id.</u> at 22-23.  Defendants assert that they have therefore not delegated police

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

powers, and that the Settlement Agreement is distinguishable from those considered in cases in which courts have found an impermissible delegation. "At most, [the Settlement Agreement] restricts the ability of POLB to amend the Registration Agreement itself. But the Registration Agreement does not involve the type of substantive and substantial legislative domain involved in the cases finding an unlawful delegation. Rather, it is simply a contractual means of granting access to Port property in exchange for a commitment to comply with the substantive rules it references, but for which it is not the source." Id. at 24-25. As to the underlying substantive regulations, defendants assert that they continue to have unfettered control over them. "It does not restrict the Board from passing new and more stringent regulations than are already in place. And if such amendments or new rules and regulations are passed in the future, they will be incorporated into the Registration Agreement automatically. Finally the Settlement Stipulation does not even restrict the Board from passing additional restrictions and requirements of the type contained in the Registration Agreement, through amendments to Tariff No. 4." Id. at 25.

Furthermore, defendants argue, "the power to amend the Registration Agreement that the Settlement Stipulation restricts does not constitute the power of governmental sovereignty." Id. at 25. According to defendants, "[t]he power to amend the Registration Agreement the Board would have but for the Settlement stipulation is . . . not sovereign police power that may not be delegated, but instead is the power of a proprietor to establish the terms of access to its property and the terms on which it will deal with the suppliers of services to its tenants." Id. at 26.[2]

---

[2]ATA joins defendants' motion and opposition, but does not join them to the extent they make the instant argument regarding the applicability of the market participation doctrine. ATA's Joinder to POLB Defendants' Response to Plaintiffs' Motions for Partial Summary Judgment; ATA's Joinder to POLB Defendants' Combined Motions for Summary Judgment and Partial Summary Judgment. On this issue, ATA argues that "POLB's approval of the Settlement Agreement and the Registration & Agreement were an extension of its original regulatory action of approving and promulgating the Concession Agreement, not actions which would fall within the narrow scope of governmental action considered to be market participation." ATA's Joinder to POLB Defendants' Response to Plaintiffs' Motions for Partial Summary Judgment at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

      Defendants assert that this conclusion "flows necessarily from this Court's recent holding that in operating the Port of Los Angeles, its Board of Commissioners is not acting in a sovereign capacity . . . . [r]ather, it is acting as the proprietor of a business . . . The same is true of the Port of Long Beach, and the same is true as to the Settlement Stipulation and Registration Agreement." Id. at 26, citing Findings of Fact and Conclusions of Law, American Trucking Associations, Inc. v. the City of Los Angeles, et al., Case No. CV 08-4920 CAS (Rzx), at 40-50, 45-51.  While the issue considered in that case was federal preemption, it is relevant here because "the state unlawful delegation law upon which Plaintiffs rely parallels federal preemption law's exemption of proprietary activities from its ambit, and is grounded in the same fundamental principle. For, just as the federal law of preemption exempts proprietary activities from its bounds, so too state unlawful delegation law exempts proprietary activities, because those activities do not involve the type of government 'regulation' with which the delegation doctrine is concerned. . . . Although direct authority is admittedly sparse, that which does address the issue recognizes that the law against unlawful delegation does not apply when a municipality is acting in a proprietary capacity."  POLB Opp. at 20.

      Even if the Court does not find that the recent holding in ATA v. the City of Los Angeles necessitates this conclusion, POLB argues that its operation of the ports is clearly a proprietary function, defined as an "activity . . . of a business nature that is generally engaged in by private persons," as opposed to an activity "of such a unique nature that it can be performed only by a governmental agency or is essential to the core of governmental activity." Id. at 22, 23, citing Schwerdtfeger v. State, 148 Cal. App. 2d 335, 342-43 (1957), 2A McQuillin Mun. Corp. § 10:5.  "It is foregone that the operation of the Port of Long Beach is essentially proprietary under California law." Opp. At 23.  In support of this argument, defendants cite the fact that the Port "is a self-sustaining entity, which operates without taxpayer support," that "[i]t has no tax base" or "taxing authority," and "receives no money from the City of Long Beach." Id. According to defendants, the relationship between the Port and the drayage service providers is that of owner and business invitees. Id. at 25. "As business invitees, drayage service providers' privilege of access can be conditioned on such rules and requirements as the Port sees fit to impose, subject to the provisions of other laws." Id.  Moreover, as defendants argue, the Port must compete with other ports, and its ability to maintain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

"safety and the protection of the Port and its tenants from environmental contaminants" is an important factor in being able to remain competitive in that landscape. "The adoption of the Concession Agreement, and then the Registration Agreement, was a contractual vehicle to facilitate the enhancement of security, safety and environmental protection, which was motivated in part to achieve these competitive ends. . . . By those agreements, the Port created a direct contractual relationship with drayage service providers to facilitate control over the trucks entering the Port and to enumerate precisely the conditions to their privilege of access as business invitees." Id. at 25-26.

Plaintiffs, on the other hand, argue that the agreement is unconstitutional as a matter of law because it bargains away the police power that "Long Beach exercises . . . when they take action to address the environmental, safety, and security aspects of port trucking." Plaintiffs' Mot. at 9. According to plaintiffs, the effect of the agreement is that "Long Beach risks ATA reinstating its lawsuit if Long Beach decides to act without ATA's approval–at any time–to address yet unforeseen problems or to otherwise advance port operations." Id. at 12. Therefore, because "Long Beach must therefore choose between exercising its police powers and breaching its agreement with ATA," the agreement is invalid due to its "chilling effects" on defendants ability to exercise their police powers, and the "veto power" it grants ATA. Id. at 10, 12, citing 108 Holdings, 136 Cal. App. 4th at 196-97, and Cotta v. City & County of San Francisco, 157 Cal. App. 4th 1550, 1566 (2007).

As to defendants' contentions in their motion for summary judgment, plaintiffs argue that defendants misrepresent the effect of the Settlement Agreement. First, plaintiffs assert, the "Settlement Agreement precludes Long Beach–absent ATA's consent–from adopting the measures that were within its Concession Agreement." Plaintiffs' Opp. at 11, citing AR 4978-9 at ¶¶ 3, 5(a). At the very least, therefore, plaintiffs argue, defendants ability to regulate the ports is limited to the extent that it cannot impose measures that are the same or similar to measures that were included in the Concession Agreement without the prior consent of ATA.[3] Id. at 12. Moreover,

---

[3]In their reply brief, defendants argue that this is not the effect of the Settlement Agreement. Defendants argue that paragraph 3 in fact says only that "POLB agrees to . . . not enforce the terms of existing Concession Agreements, and to replace those existing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

plaintiffs argue, "there is no support within the Settlement Agreement itself to support Long Beach's claim that they retain broad regulatory authority over port drayage because they can freely amend Tariff No. 4. Id. at 13. "In the Settlement Agreement, Long Beach agreed not to 'amend in any material way the terms of, or the procedures applicable to' the Registration without prior approval by ATA. AR 4978-79, ¶¶ 4-5. Long Beach makes no direct attempt to explain how amendments to Tariff No. 4 or any other standard or procedure applicable to the Registration Agreement escape this settlement term." Id. at 13. "Specifically, Long Beach does not explain how 'the procedures applicable to the Registration' does not include Tariff No. 4. The terms of the settlement agreement permit ATA to reinstate its lawsuit if Long Beach takes such actions without ATA's prior approval. Accordingly, the word 'Tariff' does not needto be within the four corners of the settlement agreement for the agreement to impact Long Beach's ability to amend Tariff No. 4." Plaintiffs' Reply at 4.[4]

Plaintiffs also argue that defendants are incorrect when they argue that "the facts of the case at bar are distinguishable from the facts of the leading case law on unlawful delegation." Plaintiffs' Opp. at 15. Plaintiffs argue that "the case at bar is on all fours with Avco Community Developers v. South Coast Regional Commission, 17 Cal. 3d 785 (1976), County Mobilehome Positive Action Committee v. County of San Diego, 62 Cal. App. 4th 172 (2006), League of Residential Neighborhood Advocates v. City of Los

---

Concession Agreements with Registration Agreements." POLB Reply at 9. Moreover, defendants argue, plaintiffs' arguments are belied by the fact that "POLB has amended Tarrif No. 4, Section 10, three times since execution of the Settlement Stipulation . . . All three amendments dealt with environmental issues . . . . ATA was not consulted with regard to any of them, and objected to none of them." Id. at 9-10.

[4]Plaintiffs further attach some weight to the fact that ATA has not joined this section of defendants' motion, and further argues that even if ATA agrees with the Long Beach Defendants' interpretation of the Settlement Agreement, "the Settlement Agreement has no expiration date. Accordingly, even if the Long Beach's interpretation of the Settlement Agreement is afforded any weight, and even if ATA currently agrees with Long Beach's interpretation, there is no guarantee that this is how these parties will interpret the Settlement Agreement in the future." Id. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

Angeles, 498 F. 3d 1052 (9th Cir. 2007), Alameda County Land Use Ass'n v. City of Hayward, 38 Cal. App. 4th 1716 (1995), and Cotta v. City of & County of San Francisco, 157 Cal. App. 4th 1550 (2007). Id. at 15.

Plaintiffs assert that the facts of this case are indistinguishable from Cotta. "The Settlement Agreement puts Long Beach to a choice between adjusting its management of port trucking and incurring the potential of ATA reinstating its lawsuit, on the [one] hand, and leaving the problems with port trucking unchanged, on the other. This imposes an 'impermissible chilling effect' on Long Beach's exercise of its police powers to address yet unforeseen problems and advance port operations, and to otherwise perform the duties bestowed upon it by the Long Beach City Charter." Id. at 16, citing Cotta, 157 Cal. App. 4th at 1566. In fact, plaintiffs argue, the facts of this case are more compelling that those faced by the courts in Cotta or County Mobilehome because "[t]he Settlement Agreement also binds the Port to the same Registration Agreement–for much longer than the terms in either *County Mobilehome* or *Cotta*–restricting its ability to take future action to address future problems." Plaintiffs' Mot. at 14.

Plaintiffs also argue that "Long Beach cannot use [the market participant doctrine] as a shield to unlawfully delegate to ATA Long Beach's authority to address the ill-effects of port trucking." Id. at 17. Plaintiffs argue that defendants' "argument is [incorrectly] premised on the assumption that there can never be any overlap between a government's exercise of its proprietary and its police powers."[5] Id. at 16. Plaintiffs

---

[5]In their reply, defendants assert that plaintiffs' argument that "because [the action of approving the settlement] was both [proprietary and police action], the action loses its character as proprietary" is belied by the cases they cite, which all "say that even though action taken in a proprietary capacity may also have policy goals such as safety, health or the environment, the action is nevertheless exempted from federal preemption requirements 'so long as the action in question is the state's own market participation.'" POLB Reply at 7-8. Therefore, defendants argue, "the fact that approval of the Concession Agreement and the Registration Agreement may have been actuated in part by the policy goals of safety, security and environmental protection does not deprive that action of its fundamental proprietary nature, which in turn excludes it from operation of the unlawful delegation doctrine altogether." Id. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | | Date | December 13, 2010 |
|----------|----------------------|---|------|-------------------|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | | |

argue that <u>Cotta</u> is instructive in this respect because in that case, "the government's action was viewed as an impermissible abrogation of police powers even though the government was arguably acting as a market participant" where the contract considered was one "between the San Francisco Airport Commission and taxi drivers servicing the airport." Plaintiffs' Reply at 7. Furthermore, plaintiff argues, defendants "stretch" this Court's holding in <u>ATA v. Los Angeles</u>. <u>Id</u>. at 12. "At the very least, it cannot be said that this Court's holding in *ATA v. Los Angeles* protects *any future* changes to the registration agreement. Long Beach cannot possibly guarantee this Court that all unknown future actions will always fall under the market participant doctrine. Long Beach argues that basically everything the port does is proprietary. . . . This argument also reaches well beyond this Court's holding–and well beyond what Plaintiffs argued–in *ATA v. Los Angeles*. Long Beach's approach would insulate *any* port action from any claim that its action is preempted by any of a myriad of federal laws or any claim that it illegally contracted away its police powers. Such a broad interpretation of the market participant doctrine is invalid." <u>Id</u>.

Moreover, plaintiffs argue, "[c]ontrary to Long Beach's assertion, a 'proprietary activity,' as this term is used in the case law, is not 'almost identical[]' to the activities protected under the market participant doctrine." <u>Id</u>. at 8. Plaintiffs argue that the cases cited by defendants, in addition to being "either from jurisdictions that bear little weight on this Court or . . . from the early part of the last century," are "all easily distinguishable from the facts currently before the Court." <u>Id</u>. at 7-8. Moreover, plaintiffs argue, "California courts have explained this exemption slightly differently than the cases from other states that Long Beach cites. The California Supreme Court described it as an exemption for 'ministerial or administrative functions.' <u>Sacramento Chamber of Commerce v. Stephens</u>, 212 Cal. 607, 610 (1931). Specifically, the California Court of Appeal noted that the government 'may delegate the performance of administrative functions to [private] groups if it retains ultimate control over administration so that it may safeguard the public interest. . . . Thus the issue in each case of delegation is whether ultimate control over matters involving the exercise of judgment and discretion has been retained by the public entity.' <u>Los Angeles County v. Nesvig</u>, 231 Cal. App. 2d 603, 616 (1965)." <u>Id</u>. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

The Court finds that at this stage, it cannot conclude that the Settlement Agreement is void as an unlawful delegation of police powers.  In paragraph 8A of the Registration Agreement, which is incorporated into the Settlement Agreement, ATA expressly acknowledges that Long Beach maintains its rights to make new regulations with respect to the ports and to change current regulations.  Contrary to plaintiffs' arguments, nothing contained in the Settlement Agreement precludes POLB from promulgating new environmental regulations.  To the extent that plaintiffs argue that future attempts at regulation may be challenged by ATA as a breach of the Settlement Agreement, that agreement only gives ATA a cause of action for breach of the Settlement Agreement. The Court concludes that while the Settlement Agreement is not an unlawful delegation on its face, a court interpreting the Settlement Agreement in a hypothetical future action by ATA may decide that it is being employed in such a way that it operates as an unlawful delegation.  At that time, as anticipated in paragraph 13 of the Settlement Agreement, a court may find that the Settlement Agreement has served to operate as an improper delegation and may therefore sever the provision in which Long Beach agrees not to "amend in any material way the terms of, or the procedures applicable to" the Registration Agreement.  Therefore, the Court grants defendants' motion for summary judgment.

### 3.     Plaintiffs' Brown Act Claims

Defendant moves for summary judgment on plaintiffs' Brown Act claims on the basis that "as a matter of law, approval of the Settlement Agreement was subject to the litigation exception, and that plaintiffs' Brown Act claim fails for that reason alone." POLB Mot. at 12.  Defendants argue that the Settlement Agreement was properly adopted in closed session "pursuant to Cal. Gov. Code § 54956.9(a), and in precise accordance with the procedures set forth in Cal. Gov. Code § 54957.1(a)(3), which together exempt discussions of litigation and the approval of settlement agreements from the Brown Act's open meeting requirement."  Id. at 5.  According to defendants, while the Brown Act generally "imposes an 'open meeting' requirement on the covered entities," it specifically exempts "meetings at which litigation is discussed from its open meeting requirement," pursuant to Cal. Gov. Code  § 54956.9.  Id. at 7-8.  "This exemption includes the approval of settlement agreements."  Id. at 8, citing Cal. Gov. Code § 54957.1(a)(3) and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

Trancas Property Owners Assn. v. City of Malibu, 138 Cal. App. 4th 172, 184-85 (2006). Defendants contend that this exemption provides protection to the attorney-client and work product privileges, which "can only be protected in closed session, since they are expressly 'abrogated' when disclosed in open meetings. Id. at 8.

Defendants concede that Trancas created an exception to the Brown Act's litigation exception, which they construe as "limited to those instances in which a provision of the settlement agreement approved in closed session constitutes action (such as the granting of a zoning variance or a conditional use permit) for which substantive law 'extrinsic' to the Brown Act itself requires, not just a 'meeting' but a 'hearing,' to protect the rights of members of the public specifically affected by the action. Id. at 10-11, citing Trancas, 138 Cal. App. 4th 172 at 185-86. Defendants argue that the exception does not apply in the instant case, as there is no "provision of the Long Beach City Charter, its Municipal Code, or any other law that requires a hearing for approval of the Settlement Agreement or anything resembling it." Id. at 17. Further, defendants argue, plaintiffs' construction of the litigation exemption is illogical. Id. at 17. Defendants cite plaintiffs' motion, which it contends "suggest[s] that the litigation exemption does not apply because the Settlement Agreement 'includes provisions which would ordinarily be subject to the Brown Act's open meeting requirements.'" Id. at 18, citing AM. PET. at § 108. According to defendants, interpreting the exemption thusly would "read the litigation exemption out of the Act altogether, by adopting a reading that the exemption only applies when the Brown Act itself does not require an open meeting or when 'unimportant' matters are involved." POLB Opp. at 5. Defendants further argue that the California Supreme Court reject this argument in So. Cal. Edison Co. v. Peevey, 31 Cal. 4th 781 (2003). Id. at 13-14.

In their opposition to defendants' motion, plaintiffs argue that even if the Court were to follow defendants' reading of Trancas and the exception to the litigation exemption, the facts of this case closely track those considered in Trancas. Plaintiffs' Opp. at 19. "[J]ust as the settlement agreement in *Trancas* effectively granted a variance, which normally requires a public hearing, the Settlement Agreement in this case embodied a decision that triggered CEQA review for which public participation is required. Consequently, in violation of *Trancas*, Long Beach accomplished in private what laws extrinsic to the Brown Act require to be done in public, that is, it approved a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

project that may have environmental effects, and without the benefit of public comment."[6] Id. at 21. Moreover, plaintiffs argue, under Trancas, it is relevant that the settlement agreement "includes provisions that would ordinarily be subject to the Brown Act's open meeting requirements." Id. at 22. Plaintiffs construe Trancas to hold that "the adoption of a settlement agreement that contains decisions that the Brown Act or other law requires be made subject to public input actually be made in the open with the benefit of the public input." Id. at 22-23.

At oral argument, counsel for plaintiffs requested that the Court postpone ruling on both parties' motions with respect to plaintiffs' Brown Act claim. In light of the fact that plaintiffs' Brown Act claim is entirely dependent on the outcome of plaintiffs' CEQA claims, plaintiffs' counsel argued that the Court should postpone its ruling until after the CEQA claims were determined. Plaintiffs and defendants agreed that they could promptly establish a briefing schedule with respect to those claims. The Court agrees with plaintiffs that it is prudent to postpone determination of their Brown Act claim until it rules upon their CEQA claims.

**IV.   CONCLUSION**

The Court DENIES defendants' motion for summary judgment. The Court DENIES plaintiffs' motion for partial summary judgment with respect to their second claim pursuant to the California Constitution, Art. XI, Sec. 7. The Court GRANTS defendants' motion for partial summary judgment with respect to plaintiffs' second

---

[6]In reply, defendants argue that "the existence of CEQA 'processes' Plaintiffs identify does not trigger Trancas . . . [because] the Trancas exception is limited to public hearings required by laws extrinsic to the Brown Act. It does not even apply to public 'meetings' required by extrinsic laws, much less 'public input' processes those extrinsic laws may require." POLB Reply at 4. Moreover, defendants argue, whether the settlement agreement triggered CEQA's public input, Environmental Impact Report, or other CEQA processes is "hotly contested." Id. at 4, 6. Defendants assert that "[a]pproval of the Settlement Agreement was not a project and was otherwise exempt from environmental review," and therefore would not trigger the CEQA requirements alleged by plaintiffs. Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-826 CAS (PJWx) | Date | December 13, 2010 |
|---|---|---|---|
| Title | NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., v. THE CITY OF LONG BEACH, et al. | | |

claim. The Court postpones ruling on defendants' and plaintiffs' motions with respect to plaintiffs' fifth claim pursuant to the Brown Act until such time as it can rule upon plaintiffs' CEQA claims.  The parties are directed to meet and confer to establish a briefing schedule and hearing date for motions that resolve the applicability of CEQA to this case, and submit such schedule to the Court.  The Court expects that these matters will be heard no later than March 14, 2011.

IT IS SO ORDERED.

_____ :   12

Initials of
Preparer _____ VRV